# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAJUAN BELL,<br><br>    Petitioner,<br><br>v.<br><br>MARCUS POLLARD,<br><br>    Respondent. | Case No. 1:21-cv-00291-NONE-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE<br><br>(ECF No. 8) |

Petitioner JaJuan Bell is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2012 Kern County Superior Court convictions. Based on abstention principles, the undersigned recommends declining to intervene in the state proceedings, granting Respondent's motion to dismiss, and dismissing the petition without prejudice.

**I.**

**BACKGROUND**

Petitioner was convicted after a jury trial in the Kern County Superior Court of four counts of second-degree robbery, six counts of assault with a semiautomatic firearm, five counts of assault with an assault weapon, two counts of transporting an assault weapon, two counts of participating in a criminal street gang, one count of conspiracy to commit assault with a semiautomatic firearm, one count of conspiracy to commit robbery, one count of carrying a loaded firearm in public by a member of a criminal street gang, and two counts of possessing a

firearm as a felon. The jury also found various gang and firearm special allegations to be true. See People v. Bell (Bell I), 241 Cal. App. 4th 315, 322–23 (2015), as modified on denial of reh'g (Nov. 2, 2015). Petitioner was sentenced to an imprisonment term of seventy-nine years and four months. Id. at 324.

Petitioner appealed. On October 15, 2015, the California Court of Appeal, Fifth Appellate District conditionally reversed the judgment. Bell I, 241 Cal. App. 4th 315. On January 27, 2016, the California Supreme Court denied Petitioner's petition for review. (LDs[1] 3, 4).

On October 25, 2016, the Kern County Superior Court resentenced Petitioner to an imprisonment term of seventy-three years and eight months. (LD 5). Petitioner appealed the new judgment. On April 1, 2020, the California Court of Appeal, Fifth Appellate District affirmed the order striking defendants' jeopardy pleas and remanded the matter for the trial court to exercise its discretion under SB 620 and SB 1393.[2] People v. Bell (Bell II), 47 Cal. App. 5th 153 (2020). On July 22, 2020, the California Supreme Court denied Petitioner's petition for review. (LD 7).

On October 21, 2020, the Kern County Superior Court struck certain firearm enhancements and imposed a sentence of sixty-three years and eight months. (LD 8). On October 29, 2020, Petitioner filed a notice of appeal of the October 21, 2020 judgment, and the appeal is currently pending. (ECF No. 8-1).

On March 2, 2021, Petitioner filed the instant federal habeas petition. (ECF No. 1). Petitioner asserts that the "trial court erred by granting the motion to strike the defendants' plea of once in jeopardy because the underlying facts were disputed and more than one inference could be drawn from those facts which were undisputed." (ECF No. 1 at 4).[3] On May 5, 2021, Respondent filed a motion to dismiss the petition pursuant to Younger v. Harris, 401 U.S. 37 (1971), based on Petitioner's ongoing state criminal appeal. (ECF No. 8). To date, no opposition or statement of non-opposition has been filed, and the time for doing so has passed.

---

[1] "LD" refers to the documents lodged by Respondent on May 6, 2021. (ECF No. 9).

[2] Senate Bill 620 "amended [California Penal Code] section 12022.5, subdivision (c), and section 12022.53, subdivision (h), effective January 1, 2018, to give the trial court discretion to strike, in the interest of justice, a firearm enhancement imposed under those two statutes." People v. Billingsley, 22 Cal. App. 5th 1076, 1079–80 (2018). Senate Bill 1393 "allow[s] a trial court to dismiss a serious felony enhancement in furtherance of justice." People v. Stamps, 9 Cal. 5th 685, 693 (2020).

[3] Page numbers refer to the ECF page numbers stamped at the top of the page.

## II.

## DISCUSSION

In <u>Younger v. Harris</u>, the Supreme Court held that when there is a pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution absent special or extraordinary circumstances. 401 U.S. at 45. Extraordinary circumstances include "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction," or situations "where irreparable injury can be shown." <u>Brown v. Ahern</u>, 676 F.3d 899, 903 (9th Cir. 2012) (internal quotation marks omitted) (quoting <u>Carden v. Montana</u>, 626 F.2d 82, 84 (9th Cir. 1980)). "<u>Younger</u> abstention is appropriate even in cases of extreme delay where there is 'no indication that the state court has been ineffective,' and where the delay is instead 'attributable to the petitioner's quite legitimate efforts in state court to escape guilt' through litigation." <u>Page v. King</u>, 932 F.3d 898, 902–03 (9th Cir. 2019) (quoting <u>Edelbacher v. Calderon</u>, 160 F.3d 582, 586, 585 (9th Cir. 1998)).

"When, as in the present case, an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts" because "even if the federal constitutional question raised by the habeas corpus petitioner cannot be resolved in a pending state appeal, that appeal may result in the reversal of the petitioner's conviction on some other ground, thereby mooting the federal question." <u>Sherwood v. Tomkins</u>, 716 F.2d 632, 634 (9th Cir. 1983). <u>See also</u> <u>Henderson v. Johnson</u>, 710 F.3d 872, 874 (9th Cir. 2013) ("<u>Sherwood</u> stands for the proposition that a district court may not adjudicate a federal habeas petition while a petitioner's direct state appeal is pending."); <u>Edelbacher v. Calderon</u>, 160 F.3d 582, 582–83 (9th Cir. 1998) ("When there is a pending state penalty retrial and no unusual circumstances, we decline to depart from the general rule that a petitioner must await the outcome of the state proceedings before commencing his federal habeas corpus action.").

Petitioner's appeal of his October 21, 2020 judgment is currently pending in the California Court of Appeal. (ECF No. 8-1). Petitioner has not made any showing of

3

extraordinary circumstances that would render abstention inappropriate. There are no allegations of proven harassment, bad faith prosecution, or extraordinary circumstances where irreparable injury can be shown.  As Petitioner has an ongoing criminal appeal in state court, the instant federal habeas petition is premature and should be dismissed.

### III.
### RECOMMENDATION

Accordingly, the undersigned HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 8) be GRANTED; and
2. The petition for writ of habeas corpus be dismissed without prejudice.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 25, 2021**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE