UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAJUAN BELL,<br><br>              Petitioner,<br><br>     v.<br><br>MARCUS POLLARD,<br><br>              Respondent. | No. 1:21-cv-00291-NONE-EPG-HC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION, GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, DIRECTING CLERK OF COURT TO ASSIGN A DISTRICT JUDGE AND CLOSE CASE, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>(Doc. Nos. 8, 10) |

Petitioner JaJuan Bell is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Respondent moved to dismiss the petition on the ground that the criminal conviction which petitioner was challenging was the subject of an ongoing appeal being pursued by petitioner in the state courts. (Doc. No. 8.) On June 25, 2021, the assigned magistrate judge issued findings and recommendations recommending that the court abstain from exercising jurisdiction over this action pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), that respondent's motion to dismiss be granted and that the pending petition be dismissed without prejudice. (Doc. No. 10.) The findings and recommendations were served on petitioner and contained notice that

1

any objections were to be filed within thirty (30).  To date, no objections have been filed, and the time for doing so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, the court finds the findings and recommendation to be supported by the record and proper analysis.

Having found that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue.  A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253.  The court should issue a certificate of appealability if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

In the present case, the court finds that reasonable jurists would not find the court's determination that the petition should be dismissed debatable or wrong, or that petitioner should be allowed to proceed further.  Therefore, the court declines to issue a certificate of appealability.

Accordingly:

1. The findings and recommendation issued on June 25, 2021 (Doc. No. 10) are adopted in full;
2. Respondent's motion to dismiss (Doc. No. 8) is granted;
3. The petition for writ of habeas corpus is dismissed without prejudice;
4. The Clerk of the Court is directed to assign a district judge to this case for the purpose of closing the case and then to close the case; and
5. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **October 11, 2021**                   /s/ Dale A. Drozd
                                                UNITED STATES DISTRICT JUDGE